UNITED STATES v. COLGATE.[1]

(*Circuit Court, S. D. New York.* December 11, 1884.)

PATENTS FOR INVENTIONS—CANCELLATION—SUSTAINED PATENTS.

The United States can not maintain an action to repeal letters patent for an invention on grounds that have been sustained in a suit for the infringement of the letters patent.

This was an action to repeal letters patent. The case first came up on motion for a preliminary injunction, which was refused. 21 Fed. Rep. 318. Hearing on the demurrer to the bill for want of power in the court, and failure of the bill to state a case calling for relief in equity.

WALLACE, J., (*orally.*) There are no allegations in the bill charging fraud or false suggestion on the part of the applicant in his application for a patent. At most, the allegations show that there was no novelty in the invention, and inferentially that he, knowing the prior state of the art, which was public knowledge, must have known there was no novelty. All the facts alleged to show want of novelty seem to have been considered in the case of *Colgate* v. *Telegraph Co.*, 19 Fed. Rep. 828, where they were set up in the answer, and where the patent was sustained. This branch of the bill, therefore, does not require much consideration.

The other aspect of the bill which charges that the commissioner of patents was without jurisdiction to issue a patent, after the decision of the chief justice under the statute, is worthy of more consideration. The statute of 1849 was evidently intended for the benefit of applicants entitled to a patent, and to enable them to right any errors which might be made by the commissioner. The proceeding, where there are no interfering applicants, is practically one between the applicant and the commissioner. It would not seem reasonable to construe such a statute as intended to preclude a new application, on new facts bearing either upon novelty or abandonment, to the commissioner after his action had been sustained by the appellate authority on a former application. The decision of the appellate tribunal is confined to the record of the proceedings before the commissioner, and the determination is, in effect, that the commissioner was, or was not, justified upon the facts before him in refusing a patent. There is no decision that upon a new application, and upon different facts, the patent should be refused. If the bill alleged that the new application was founded upon the same papers as the one rejected, and no new facts existed to authorize the commissioner to come to a different conclusion,

---

[1]NOTE. This case was decided in 1884, but the opinion has never been published. In view of the citation of the opinion by counsel and by Judge COLT in *U. S.* v. *Telephone Co.*, *ante*, 591, it is printed at this time. [ED.

the case would be stronger for the complainant. As there are no such allegations, it is not necessary to determine what effect should be given to them. I am disposed to give an opportunity to the complainant to amend the bill in this respect if so advised.

The decision of the court is that the demurrer be sustained, and judgment ordered dismissing the bill, unless the complainant, within 20 days, brings on a motion to amend the bill by alleging that the record was the same, and that no new facts were presented to the commissioner at the time of the making of the application for the patent which he granted. Such motion will be heard on affidavits, and I can then judge of the probability of the truth of any such allegation.